UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY J. MARTIN,

    Petitioner,

v.                                            Case No. 8:17-cv-1986-T-27JSS
                                                 Criminal Case No. 8:15-cr-392-T-27JSS

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

**BEFORE THE COURT** is Petitioner Martin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Dkt. 4) and the United States' Response in Opposition (Dkt. 9). Upon consideration, Martin's § 2255 motion is **DENIED**.

Martin pleaded guilty to possessing a firearm and ammunition by a convicted felon (Count One), and was sentenced to 48 months, followed by 36 months of supervised release (Dkt. 77). His sentence was affirmed (Dkts. 108, 110). In his motion, he raises two claims of ineffective assistance of counsel. Both claims are without merit.

## STANDARD

To establish ineffective assistance of counsel, Martin must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

**GROUND ONE: "Ineffective Assistance of Counsel for failing to object to the Defendant [not] receiving the extra one (1), point sentence reduction under section 3E1.1 for accepting responsibility."**

Martin contends that counsel was ineffective in failing to object to the Government's decision not to move for the one level for acceptance of responsibility under USSG § 3E1.1(b). Under that provision, when a defendant has assisted authorities in the investigation or prosecution of his own misconduct "by timely notifying authorities of his intention to enter a plea of guilty," on motion of the government, the court may decrease the offense level by one level. Application Note 6 to § 3E1.1 explains that the "Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial" and therefore the adjustment under subsection (b) may be granted only on motion by the Government.

Prior to his scheduled trial, Martin moved to suppress evidence seized when he was arrested, contending that he was stopped and frisked based on an anonymous call lacking in reliability, and that the officers' reliance on the smell of marijuana emanating from him was not credible and did not provide a lawful basis for his detention (Dkt. 16). The Magistrate Judge conducted a two and a half hour evidentiary hearing on the motion, ultimately recommending that Martin's motion be denied (Dkts. 43, 48). Approximately three weeks later, he pleaded guilty (Dkt. 59).

During sentencing, the United States explained its reason for not moving for the additional level for acceptance of responsibility. According to the prosecutor, in preparing for the hearing on Martin's motion to suppress, he "did exactly what I would do if this case had gone to trial," proving

2

"roughly the exact same things, aside from calling interstate nexus analyst and a fingerprint comparison person to confirm the defendant was, in fact, a convicted felon." (Dkt. 99 at 15). As explained by the United States in its opposition, the motion required the Government to prepare for the hearing in a way that was "inherently similar to preparing to try the case." According to the United States, the motion "exasperated" two of the reasons supporting the additional level for acceptance of responsibility, effectively requiring the Government to prepare as if for trial, and expend resources which would not have been required if Martin had not disputed the arresting officers' statements regarding their basis for stopping and patting him down.

During sentencing, Martin's counsel acknowledged this, observing that absent an unconstitutional reason, which he could not show, the additional level for acceptance of responsibility was solely within the discretion of the Government (Id. at 15-16). In similar circumstances, the withholding of the additional level has been affirmed, where a defendant's suppression motion required the Government to allocate resources it would not have been required to allocate if the defendant had pleaded guilty "outright." *See United States v. Membrides*, 570 F. App'x 859 (11th Cir. 2014).

Martin does not explain on what basis counsel could have objected. And it is apparent that any objection would have been without merit, considering the discretion enjoyed by the Government under § 3E1.1(b) and its reason for not moving for the additional level. Counsel could not have been ineffective in failing to make a meritless objection. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (quoting *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ." (citation omitted)). Moreover, the record demonstrates that counsel considered the issue, found no basis to object, and made a tactical decision to seek a one level variance. (Dkt. 99 at 16) ("Judge, I would ask this Honorable Court to consider as a variance the one level because Mr. Martin did plead in a timely

manner, shortly after the ruling came out.") (Id. at 16). That tactical decision will not be second guessed. *McNeal v. Wainwright*, 722 F.2d 674, 676 (11th Cir. 1984) ("Counsel will not be deemed unconstitutionally deficient because of tactical decisions.") (citations omitted).

**GROUND TWO: "Ineffective Assistance of Counsel for Deficiently objecting to the 2k2.1 enhancement of six (6), levels."**

As reflected in the Presentence Investigation Report, Martin's base offense level was enhanced under USSG § 2K2.1(a)(4)(A) based on his prior conviction for fleeing and eluding under Fla. Stat. § 316.1935(2), a crime of violence. (Dkt. 67, PSR, at ¶ 19). At sentencing, counsel objected to the enhanced base offense level based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), preserving the issue, but acknowledging binding Circuit precedent which foreclosed his objection, *United States v. Matchette*, 802 F.3d 1185 (11th Cir. 2015). (Dkt. 99 at 10-12).

Acknowledging counsel's objection, Martin contends that the objection was deficient, arguing that counsel should have relied on *United States v. Harrison*, 558 F.3d 1289 (11th Cir. 2009). As the United States correctly points out, however, *Harrison* was abrogated by *Sykes v. United States*, 564 U.S. 1 (2011). *See United States v. Petite*, 703 F.3d 1290, 1299 (11th Cir. 2013) ("*Harrison* has been undermined to the point of abrogation by *Sykes*."). Counsel therefore cannot be faulted for not relying on *Harrison*. Indeed, any such argument would have been meritless. Martin cannot demonstrate deficient performance or prejudice resulting from the alleged deficient objection.

**Evidentiary Hearing Not Required**

An evidentiary hearing is not required since it plainly appears from the face of Martin's motion and the record that he is not entitled to relief. *Broadwater v. United States*, 292 F.3d 1302,

1303 (11th Cir. 2003); Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts.[1]

**Certificate of Appealability ("COA")**

A COA will not be granted. Martin cannot make a showing of the denial of a constitutional right. § 2253(c)(2). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and demonstrate that "reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Jurists of reason would not disagree with the resolution of Martin's claims. And because he is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Petitioner Martin's § 2255 motion is **DENIED**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** this 7th day of January, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner *pro se*; Counsel of Record

---

[1] Although the United States filed an affidavit of Martin's former counsel (Dkt. 9-1), it is unnecessary to consider counsel's averments in disposing of Martin's claims of ineffective assistance of counsel.